UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| RICKY UPCHURCH, as Executor of The Estate of JUANITA UPCHURCH, For the use and benefit of the next of kin of CLAYTON UPCHRUCH, <br><br>Decedent, <br><br>v. <br><br>NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) No. 19-CV-00149 ) ) ) ) ) ) ) |

## RESPONSE IN OPPOSITION TO MOTION TO AMEND

Pursuant to Rule 15 of the *Federal Rules of Civil Procedure*, Defendants Life Insurance Company of North America ("LINA") and the National Rifle Association ("NRA") collectively ("Defendants") submit their Response in Opposition to the Decedent's Motion to Amend, Doc. No. 16 ("Motion"). The Decedent's Motion should be denied because it seeks to add an incorrect party that is not even a legal entity, fails to inform the Court of all the changes made to the Amended Complaint, is untimely, and contains factual inaccuracies.

I.     **FACTS**

This case is riddled with delay, and the Decedent's Motion is yet another example. Although the Decedent died on August 22, 2014, the Decedent did not initiate the processing for the claim of accidental death insurance benefits by submitting a claim form until four years later on November 10, 2018. Answer of LINA, Fifth Defense. A decision was never made on the Decedent's accidental death insurance claim. Answer of LINA, ¶ 12. The third-party

administrator, AGIA, closed the claim without a decision because the Decedent's family and counsel failed to respond to AGIA's communications and, therefore, AGIA did not receive the necessary documentation requested from the Decedent to review the claim. *Id*. Instead of providing AGIA the information it needed and going through the claims process, the Decedent filed the present lawsuit on July 1, 2019 to collect amounts he claims are allegedly owed under his group accidental death insurance policy. *Id*.; *see generally* Complaint; *see also* Complaint, ¶¶ 1, 12, 13, and WHEREFORE 1.

Defendants removed this action on August 15, 2019, and filed their answers on August 22, 2019. *See* Doc. Nos. 1, 10, 11. On September 9, 2019, undersigned counsel indicated she was in the process of filing a motion to dismiss and alerted Decedent's counsel to several incorrect allegations in the Complaint. Decedent's counsel responded that he intended to file a motion to amend. On September 30, 2019, Decedent's counsel sent undersigned counsel a copy of the proposed amended complaint. Notably, the Decedent did not draw undersigned counsel's attention to the fact that he wanted to substitute "LINA, Inc." for LINA.

On October 7, 2019, undersigned counsel declined to consent to the Amended Complaint given the disagreement about the decedent's new factual allegations in Paragraph 12: "Despite Mr. Upchurch's family's diligent efforts to investigate and collect on this policy the Defendant has yet honor their obligation and pay pursuant to the policies terms, effectively denying this claim." Amended Complaint, Doc. No. 15.

Although the Decedent was free to file his Motion to Amend on October 7, 2019, the Decedent waited until November 19, 2019 to file his Motion. *See* Motion.

The Decedent included untrue and inaccurate information in his Motion. In Paragraph 3, the Decedent states "After correspondence with the defendant, the plaintiff has learned that LINA,

Inc. also maintains the policy in question. As such, the plaintiff moves to add LINA, Inc as a named defendant. The plaintiff moves to maintain the action against both LINA, Inc., the principal corporation, as well as the National Rifle Association (NRA), the agent organization, as they both worked in concert to bring about the breach of contract upon the plaintiff." Doc. No. 16, PageID #84-85. This is incorrect. Undersigned counsel never indicated that LINA, Inc. is a policy holder. LINA, Inc. is not even a legal entity. LINA, the initial party sued, is the proper party. Undersigned counsel has, however, repeatedly asked the Decedent's counsel to dismiss the NRA because the policy the Decedent had with the NRA is a fully insured policy by LINA. Additionally, the NRA was not the claims administrator. Thus, it is not a necessary or proper party. The Decedent's counsel, however, never responded to undersigned counsel.

In his Motion, the Decedent also mischaracterizes the changes made to the Amended Complaint. He indicates he has changed three small facts: the type of tournament, the date of death, and name of a hospital. *See* Motion. Although not discussed by the Decedent's counsel, the Amended Complaint, also changes Paragraph 12 from "Despite the facts as alleged above the defendant has denied payment under to pursuant to the policy as stated in 'Exhibit D'" to "Despite Mr. Upchurch's family's diligent efforts to investigate and collect on this policy the Defendant has yet honor their obligation and pay pursuant to the policies terms, effectively denying this claim." *See* Doc. No. 15. It is surprising the Decedent failed to acknowledge this change since this was one reason Defendants identified for why they would not consent to the Amended Complaint. Defendants have repeatedly told the Decedent's counsel that the Decedent's family and counsel refused to respond to Defendants during the claims process. Thus, it is unclear why the Decedent has alleged his family made "diligent efforts to collect on this policy."

3

Case 2:19-cv-00149-PLR-CRW   Document 18   Filed 11/20/19   Page 3 of 5   PageID #: 92

After reviewing the Motion, undersigned counsel asked Decedent's counsel to immediately correct his Motion. Since he has yet to do so, LINA filed the present Response.

## II. ANALYSIS

While Defendants acknowledge that leave to amend a complaint is typically freely given, it should not be permitted here because the Decedent seeks to add an incorrect party that is not even a legal entity, fails to inform the Court of all the changes made to the Amended Complaint, is untimely, and contains factual inaccuracies. Defendants are reasonable. They would not object to correcting dates, names of hospitals, and the type of tournament; but Defendants cannot agree to allow the Decedent to add an incorrect party and factual inaccuracies.

The Decedent states "[i]n determining whether to permit amendment, the court should consider the following factors: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Doc. No. 17. Even considering the factors he identifies, the Decedent's Motion should be denied.

First, allowing the Decedent to add "LINA, Inc.", which is not a legal entity is futile and would cause undue prejudice to the Defendants because Defendants would be forced to file a Motion to Dismiss to get the improper entity dismissed. Additionally, it would prejudice the Decedent because it would dismiss the only proper party to this lawsuit, LINA, and waste judicial resources in the process. Second, there is undue delay. The Decedent filed his initial complaint on July 1, 2019 and did not seek to amend his complaint until over three months later. In his Motion, he also does not explain the cause of the delay. Third, allowing inaccurate factual changes to Paragraph 12 is futile. The Decedent's claim file clearly shows that his family and counsel repeatedly failed to respond to Defendants and Defendants' claims administrator. Despite repeated

requests from undersigned counsel, the Decedent's counsel has not provided undersigned counsel with any evidence to the contrary.

### III. CONCLUSION

The present case is plagued by delay and mistakes. The Decedent's Motion should be denied because allowing it would permit more delay and waste more of the Court's and the parties' resources in order to remove a non-legal entity and substitute back the correct legal entity.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**

By: s/Marcie K. Bradley
Marcie K. Bradley, #028222
633 Chestnut Street, Suite 700
Chattanooga, TN 37450-1801
(423) 665-9529
mbradley@rswlaw.com
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

R. Wayne Culbertson, Esq.
Joseph W. McMurray, Esq.
119 W. Market Street
Kingsport, Tennessee 37660

**ROBINSON, SMITH & WELLS, PLLC**

By: s/Marcie Kiggans Bradley