IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RICKY UPCHURCH as Executor of
The Estate of JUANITA UPCHURCH,
For the use and benefit of the next of kin of
CLAYTON UPCHURCH,
        Decedent,

vs.                                                                 C.A. No. 2:19-CV-00149-PLR

NATIONAL RIFLE ASSOCIATION (NRA), and
LINA,
Claims Dept.
PO Box 9842
Phoenix, AZ 85068-9842,

        Defendants.

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff, Mr. Clayton Upchurch (hereinafter "Plaintiff"),by his undersigned attorneys, respectfully submit this memorandum of law in support of his motion to amend the original complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff seeks to correct mistakes the conforms the pleadings with reality.

                I.         Procedural Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party desiring to amend his pleading after a responsive pleading has been served may do so "only by leave of court ... and leave shall be *freely given* when justice so requires." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982) (emphasis added). See also *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537 (8th Cir. 1977). The Rules put forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits. *Id.* Leave to amend should be liberally granted. *InterRoyal Corp. v. Sponseller*, 889

1

F.2d 108, 112 (6th Cir.1989), cert. denied, 494 U.S. 1091 (1990).

In determining whether to permit amendment, the court should consider the following factors: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Tippett V. Old Kent Bank of Petoskey*, 1991 WL 21466 (W.D. Mich.,1991.)

## II. Facts

This case was initially filed in the Sullivan Chancery Court on July 1, 2019. Plaintiff's Compl., *generally*. On August 15, 2019, Defendants filed a notice of removal to federal district court. Defendant's Notice of Filing Removal, *generally*. Since then, Plaintiff's counsel has repeatedly attempted to engage in discovery efforts to streamline the discovery process as well as communicate regularly with Defendants' counsel. Many times, Plaintiff's counsel attempted to contact opposing attorney via telephone, unsuccessfully. There have been instances where Plaintiff's counsel has electronically mailed Defendants' counsel but received delayed responses. As facts become known during the process of discovery, Plaintiff's counsel is conforming with his ethical and obligational duty to ensure the pleadings reflect reality. In doing so, Plaintiff's counsel has amended his complaint, but only to clarify, explain, or correct prior statements.

## III. Analysis

Contrary to the defendants', LINA and NRA (herein after "Defendants"), claim that this case has been riddled with delay, it appears that Defendants' counsel is mistaken as to the purpose of a Rule 15(a)(2) motion. When a party moves for such a motion, the purpose is to ensure the pleadings filed with the court are not being presented for any improper purpose, the case is supported by law, the case is supported by facts, and the person doing so has done so after a reasonable inquiry and it is reasonably based on belief or a lack of information. FEDERAL RULES OF CIVIL PROCEDURE, Rule 11.

It appears that Defendants' counsel is trying to make a few arguments, but due to the organization of such, Plaintiff's counsel will attempt to address each one in turn.

It appears that Defendants' first argument is that Plaintiff is attempting to add the "incorrect party" to the current case. Plaintiff's counsel learned of the additional corporation through an email with Defendant's attorney. After conducting a business records search, Plaintiff believed the name was "LINA, Inc." If this defendant's name is inaccurate, Plaintiff would be happy to correct this clerical mistake. However, a simple phone call and – dare I say – an agreement would avoid unnecessary motions, briefs, and the drudgery of hours of judicial labor. But such is not the case presently. As a result, Plaintiff stands ready to engage in a fruitful discovery of the merits, and properly named defendants, in this matter which would conclusively prove the named defendants.

As to the second argument, Defendant alleges Plaintiff did not go through the first amended complaint line-by-line with Defendants' counsel to ensure she was aware of every single change. Plaintiff was unaware that he was required by law or rule of procedure to do so. Whether Defendants' counsel was able to recognize changes made to the document is not clear. However, it is clear that Plaintiff attempted to notify Defendant's counsel of these changes and sent a series of emails as well as a proposed draft. Thus, as to Defendants' counsel's argument that she was not shown every single change in the complaint, and she was unable to recognize such on her own, she has still failed to show why Plaintiff is not entitled to relief.

As to the third argument, that has been discerned as Plaintiff's motion being untimely, Defendants' counsel is correct in that this case has been riddled with delay; however, Defendants' counsel misunderstands that the delay has come from her side. If it would please the Court, Plaintiff would be happily inclined to explain the procedural process as to why the current suit was not filed until about four (4) years later. Plaintiff would also be happily inclined to explain the procedural

process to Defendants' counsel. In a short summation, after the decedent died, his next-of-kin, his spouse, was incapacitated and was unable to bring the suit on his behalf. Decedent's next-of-kin did bring said suit as reasonably practicable, as he continued to go through the administrative remedies available to him, but no avail. If there is a problem with the timing of this case with Defendants' counsel, Plaintiff's counsel would be happy to set aside thirty (30) minute block of time aside to discuss the current case so that the case continues to move forward. For Defendants' third reason, her argument fails.

Defendants' counsel's last argument that she would not consent to the agreed upon motion to amend also fails for the fact that it is completely lack of rationality. Defendants' counsel spends the latter part of her response in attempting to claim "mischaracterizations" and other non-existent "procedural issues." For example, Defendants' counsel continues to state that there are disagreements as to whether the family complied with the policy administrative process; if the parties were to agree on everything, then there would also be no case filed and there would be no claim. Perhaps, Defendants are mistaking the purpose of a Rule 15 amendment motion with a trial or summary judgment motion. The purpose of the amendment is to craft the case and litigation in such a way to provide the Court notice as well as the opposing party to the facts and claims as best known to the claimant. As such, Plaintiff has sought amendments to ensure he has followed his ethical and professional obligations. I am sure the Court would be happy to hear any motions that Defendants feel are necessary if they would file them, but Plaintiff has not received any as of date (i.e. dismission of NRA as a party).

However, the last portion remaining of Defendants' argument is that NRA is not a proper party. Tennessee courts have long recognized that "a principal may be held vicariously liable for the negligent acts of its agent when the acts are within the actual or apparent scope of the agent's
4

authority." *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 105 (Tenn. 2010). Furthermore, Tennessee courts have held that a plaintiff may sue a principal based on its vicarious liability for the conduct of its agents *without suing the agent*, and "even where the agent's conduct is the sole basis for the principal's liability, the agent remains a 'proper, but not a *necessary*' party." *Id.* (emphasis added). This has been construed by the Tennessee Supreme Court to mean that the plaintiff may "sue the agent, the principal, or both." *Id.* Again, Defendant always has the option of filing motions in the procedurally applicable manner, but Plaintiff believes that to try and argue dismissal of a party through a memorandum in opposition of a motion to amend is not the procedurally correct manner in doing so. Tennessee courts have held that "Even in a situation involving an undisclosed agency, the third party may sue either the principal or the agent." *Holt v. American Progressive Life Ins. Co.*, 731 S.W.2d 923 (Tenn. Ct. App. 1987).

Every single supposition that Defendants have claimed are either erroneous, can be explained away, or just not founded in reason or in law. Therefore, Plaintiff respectfully prays for this Honorable Court to grant his motion to amend his pleadings.

        Respectfully submitted,

        RICKY UPCHURCH as Executor of the Estate of
        Juanita Upchurch for the use and benefit of the next of
        kin of Clayton Upchurch, Decedent

By: _____
        **R. WAYNE CULBERTSON, BPR 000765**
        JOSEPH W. McMURRAY, BPR 28773
        Attorneys for Plaintiff
        119 W. Market Street
        Kingsport, Tennessee 37660
        (423) 247-6161 – Telephone
        (423) 247-5072

## CERTIFICATE OF SERVICE

I, Joseph W. McMurray, hereby certify that I have forwarded a true and exact copy of the foregoing Plaintiff's Motion for Leave to Amend to the defendant's attorney, Marcie Bradley via email to: mbradley@rswlaw.com.

On this the 18th day of December, 2019.

_____
Joseph W. McMurray