UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| RICKY UPCHURCH, as executor of the estate of JUANITA UPCHURCH, and for the use and benefit of the next of kin of CLAYTON UPCHURCH<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RIFLE ASSOCIATION (NRA) and LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA),<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:19-CV-149 |

**ORDER**

Plaintiff filed a Motion to Amend/Revise Complaint [Doc. 16] with a memorandum in support [Doc. 17] and a proposed Amended Complaint [Doc. 15]. Defendants filed a response in opposition to Plaintiff's motion [Doc. 18]. This matter is before the Court pursuant to 28 U.S.C. § 636 and the standing orders of the District Court. The matter is now ripe for resolution.

### I. Procedural Background

This case was originally filed in the Chancery Court for Sullivan County, Tennessee on July 1, 2019. [Doc. 1, Ex. 1]. The case was removed to federal court on August 15, 2019 [Doc. 1]. Defendants answered the complaint on August 22, 2019 [Docs. 10 & 11]. Plaintiff filed an amended complaint on November 18, 2019, followed by the pending motion and memorandum in support on November 19, 2019. Defendants filed a response in opposition on November 20, 2019. Plaintiff did not reply to Defendants' response.

## II. Analysis

In the motion, Plaintiff seeks to amend the Complaint by making three (3) factual corrections and adding LINA, Inc. as a named defendant. [Doc. 16, p. 1-2]. Plaintiff asserts this motion to amend is "to merely correct factual information." [Doc. 17, p.2]. Defendants oppose the amendment, arguing that "it seeks to add an incorrect party that is not even a legal entity, fails to inform the Court of all the changes made to the Amended Complaint, is untimely, and contains factual inaccuracies." [Doc. 18, p. 1].

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. This motion to amend is outside of the window for amendment as a matter of course; therefore, Defendants' written consent or leave of the court is required to amend the pleading. Fed. R. Civ. P. 15(a). At the same time, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

*Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has strongly expressed "liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)); however, it is well within the discretion of the Court to grant or deny a motion for leave to amend, and such decision will only be reversed upon a showing of abuse of discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).

This is Plaintiff's first motion for leave to amend the Complaint. The Court does not detect any bad faith or dilatory motive on the part of Plaintiff but finds Plaintiff's assertion that this motion is made to correct factual inaccuracies to be an honest and reasonable basis for the motion to amend. While it is true that Plaintiff's motion falls outside the timeframe for an amendment as a matter of course, the amount of time elapsed between the filing of the Complaint and the motion to amend does not suggest a lack of diligence on the part of counsel. The Court also concludes that there would be no prejudice to Defendants by allowing amendment at this stage in the litigation. Further, Defendants stated in their response that they do not, in fact, object to amendments which correct the date, name of hospital, and type of tournament as requested by Plaintiff. [Doc. 18, p. 4].

Defendants' primary objections seem to be to the addition of LINA, Inc. as a defendant and the modification of language in paragraph 12 which they interpret as an inaccurate factual change. Defendants are correct that the language of paragraph 12 of the original complaint is different from that in the proposed amended complaint; however, though it may cast Plaintiff's efforts to collect on the policy in question in a different light, the language is not so different as to change the merits of the case in a way that would deprive Defendants of notice or result in prejudice. Additionally, Defendants argue that this language is factually inaccurate because it states the decedent's family has made diligent efforts to collect on the policy, which Defendants deny; however, what can be described as diligent is often a matter of opinion and while Defendants may disagree with this description, it is for the Court to make that determination. The Court finds that allowing the amendment at this juncture is reasonable and in the interest of justice.

Defendants further take issue with Plaintiff's request to add LINA, Inc. as a defendant in this case. Plaintiff states that correspondence with Defendants revealed that LINA, Inc. also

maintains the policy in question, but offers no further explanation or support for how he determined that LINA, Inc. is an appropriate defendant in this case. Defendants deny ever indicating that LINA, Inc. maintains the policy and argue that LINA, Inc. is not even a legal entity. [Doc. 18, p. 3]. LINA, Inc. does not appear on any of the documents related to the policy in question filed with the Complaint, lending support to Defendants' position. [Doc. 1, Exs. 1-2]. Moreover, if Defendants are correct and LINA, Inc. is not a legal entity, amending the complaint to add LINA, Inc. as a defendant would be futile. Plaintiff failed to reply to Defendants' contentions that they did not, in fact, indicate LINA, Inc. as a policy holder and that LINA, Inc. is not a legal entity. Plaintiff failed to provide any documentation to support the claim that LINA, Inc. is a proper party to this case. Without verification that LINA, Inc. is indeed a legal entity and policy holder of the policy in question, the Court finds it would be futile to permit Plaintiff to amend the complaint to add LINA, Inc. as a defendant and to do so would not serve the interest of justice.

### III. Conclusion

The Court finds that an amendment of the complaint to correct factual inaccuracies and to modify the language in paragraph 12 of the complaint would be in the interest of justice; however, the Court finds that it is not appropriate to amend the Complaint to add LINA, Inc as a named Defendant. Plaintiff's motion is **GRANTED with respect to correcting the factual inaccuracies in paragraphs 3 and 8 of the Complaint and in allowing the requested amendment to paragraph 12, but DENIED with respect to adding LINA, Inc. as a named defendant.** Plaintiff is **DIRECTED** to file an Amended Complaint **on or before January 3, 2020** that complies with the Court's order. Defendants are required to respond to the Amended Complaint as provided by the Federal Rules of Civil Procedure and the Local Rules.

SO ORDERED:

                                      s/ Cynthia Richardson Wyrick
                                      United States Magistrate Judge