UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| RICKY UPCHURCH, as Executor of The Estate of JUANITA UPCHURCH, For the use and benefit of the next of kin of CLAYTON UPCHRUCH, <br><br> Decedent, <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 19-CV-00149 ) ) ) ) ) ) ) |

### RESPONSE IN OPPOSITION TO SECOND MOTION TO AMEND

Pursuant to Rule 15 of the *Federal Rules of Civil Procedure*, Defendants Life Insurance Company of North America ("LINA") and the National Rifle Association ("NRA") collectively ("Defendants") submit their Response in Opposition to the Decedent's Second Motion to Amend, Doc. No. 20 ("Motion"). The Decedent's Motion should be denied because it seeks to add an abbreviation for "Life Insurance Company of North America", LINA, that is not a legal entity. As discussed more fully below, this amendment is futile and would cause undue prejudice to Defendants.

Defendants note that Decedent's Motion may no longer be ripe for the Court's review because Decedent's counsel failed to comply with the Court's December 23, 2019 Administrative Notice to Counsel, Doc. No. 24. Defendants, however, file this response out of an abundance of caution in order to prevent a futile amendment that would cause Defendants to suffer undue prejudice.

1

# I. FACTS

This is Decedent's second motion to amend and second attempt to add a non-legal entity to this lawsuit. As Defendants have previously represented, while denying any liability, Life Insurance Company of North America, the initial party sued, is the proper party. As defined in all pleadings in this matter, LINA is merely an abbreviation for Life Insurance Company of North America. It is not a legal entity.

While Decedent's counsel represented in their Motion that Decedent seeks to add LINA as a defendant in this matter after "plaintiff exercised due diligence and attempted to find the correct business of LINA not incorporated in the state of Tennessee and not listed as a foreign business doing business in Tennessee," it remains unclear what due diligence Decedent undertook because any research would have revealed that LINA is not a legal entity.

In an attempt to avoid filing a response, undersigned counsel contacted counsel for Decedent the day the Second Amended Complaint was filed and advised them that they already had sued the correct party – Life Insurance Company of North America – and that LINA is merely an abbreviation for Life Insurance Company of North America. *See* **Exhibit A**. Undersigned counsel further advised by seeking to take out Life Insurance Company of North America and add LINA, they are requesting to dismiss the correct party. *Id*. Undersigned counsel asked Decedent's counsel to correct this with the Court. *Id*. Decedent's counsel declined and denied ever suing Life Insurance Company of North America or even having any knowledge of Life Insurance Company of North America. *Id*. Thereafter, undersigned counsel provided Decedent's counsel with a copy of his original complaint and the Decedent's policy both including Life Insurance Company of North America. *Id*. In order to keep the correct party in the lawsuit and avoid having to waste the Court's and undersigned counsel's time and resources filing a response to the Motion and a Motion to Dismiss the abbreviation LINA, undersigned counsel continued to try to explain to Decedent's

counsel that LINA is an abbreviation and not a legal entity. *Id*. Undersigned counsel even offered to draft a stipulation. *Id*. Decedent's counsel, however, continued to decline to withdraw the Motion, forcing LINA to file this response. *Id*.

## II. ANALYSIS

While Defendants acknowledge that leave to amend a complaint is typically freely given, it should not be permitted here because the Decedent seeks to add an incorrect party that is not even a legal entity.

As the Court advised in its prior order, Doc. No. 23,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

*Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Allowing the Decedent to add the abbreviation "LINA", which is not a legal entity is futile and would cause undue prejudice to the Defendants because Defendants would be forced to file a Motion to Dismiss to get the improper entity dismissed. Additionally, it would prejudice the Decedent because it would dismiss the only proper party to this lawsuit, Life Insurance Company of North America, and waste judicial resources in the process. The Decedent already has sued the correct party – Life Insurance Company of North America – and no further defendants are necessary or proper to this lawsuit. The Decedent's Motion should be denied.

## III. CONCLUSION

The Decedent's Motion should be denied because it is futile and would cause undue prejudice to Defendants. Defendants further request leave from the Court to file a Motion for Attorneys' Fees because Defendants have now twice had to respond to Decedent's request to add

an improper and non-legal entity to this lawsuit and have failed to withdraw the requests after being informed of the fact by undersigned counsel.  The Decedent filed this lawsuit and should exercise due diligence when seeking to add defendants.  The Decedent should not continue place the burden on Defendants to prevent futile amendments.

>Respectfully submitted,
>
>**ROBINSON, SMITH & WELLS, PLLC**
>
>By:    s/Marcie K. Bradley
>        Marcie K. Bradley, #028222
>        633 Chestnut Street, Suite 700
>        Chattanooga, TN  37450-1801
>        (423) 665-9529
>        mbradley@rswlaw.com
>        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

>R. Wayne Culbertson, Esq.
>Joseph W. McMurray, Esq.
>119 W. Market Street
>Kingsport, Tennessee 37660

>**ROBINSON, SMITH & WELLS, PLLC**
>
>By:    s/Marcie Kiggans Bradley