| | |
|---|---|
| RICKY UPCHURCH, as Executor of The Estate of JUANITA UPCHURCH, For the use and benefit of the next of kin of CLAYTON UPCHRUCH, <br><br> Decedent, <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 19-CV-00149 ) ) ) ) ) ) ) |

**ANSWER OF THE NATIONAL RIFLE ASSOCIATION OF AMERICA TO DECEDENT'S AMENDED COMPLAINT**

Defendant the National Rifle Association of America ("Defendant" or "NRA"), by counsel, files its Answer to the Decedent's Amended Complaint and states as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the various numbered paragraphs of the Amended Complaint, and without waiving any affirmative defenses, Defendant responds as follows:

1. Defendant is without sufficient information or belief to admit or deny the allegations in the first sentence of Paragraph 1 and, therefore, denies same. In response to the allegations in the second sentence of Paragraph 1, Defendant admits that Life Insurance Company of North America ("LINA") issued a group accidental death insurance policy to the National Rifle Association of America, Policy Number NRA502002 (the "Policy"), and the decedent was covered

1

under the Policy. In response to the allegations in the third sentence of Paragraph 1, the Policy speaks for itself. In response to the allegations in the fourth sentence of Paragraph 1, Defendant denies the "deck sheet" is attached. By way of further response, the "deck sheet" speaks for itself.

2. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 2 and, therefore, denies same.

3. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 3 and, therefore, denies same.

4. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 4 and, therefore, denies same.

5. The accident report speaks for itself.

6. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 6 and, therefore, denies same.

7. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 7 and, therefore, denies same.

8. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 8 and, therefore, denies same. In response to the allegations in the second sentence of Paragraph 8, the death certificate speaks for itself.

9. The death certificate speaks for itself.

10. The October 7, 2014 letter speaks for itself.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraph beginning with "WHEREFORE," including subparagraphs 1-5.

### THIRD DEFENSE

Plaintiff is not entitled to any of the relief requested. Defendant denies each allegation contained in the Amended Complaint not previously expressly admitted, denied, or qualified.

### FOURTH DEFENSE

Plaintiff failed to satisfy the conditions precedent to approval for receipt of benefits under the applicable policy and plan document(s) and, therefore, his claims are barred.

### FIFTH DEFENSE

Plaintiff's claims are barred or limited by the terms and conditions of the plan document(s) and the policy. *See* Policy attached as **Exhibit A**. Specifically, Plaintiff's claims are barred by the Legal Actions provision, which provides "No such action shall be brought more than 3 years (Kansas: 5 years; South Carolina: 6 years) after the time written proof of loss is required to be furnished." *Id*. Under the policy, written proof of loss must be provided within 90 days after the loss: "Written proof, satisfactory to us, must be given to us within 90 days after the date of loss. If that is not reasonably possible, we will not deny or reduce any claim if proof is furnished as soon as reasonably possible." *Id*. Since Mr. Upchurch passed away on August 22, 2014, Plaintiff was required to file suit within 3 years and 90 days or November 20, 2017. *See* a copy of the complete claim file attached as **Exhibit B**, which includes a copy of the death certificate. Plaintiff, however, did not file the present action until July 1, 2019, well after November 20, 2017.

Plaintiff's claims are further barred by the "Proof of Loss" provision, which requires "Written proof, satisfactory to us, must be given to us within 90 days after the date of loss. If that is not reasonably possible, we will not deny or reduce any claim if proof is furnished as soon as reasonably possible." *See* **Exhibit A**. Here, the decedent passed away on August 22, 2014. *See*

3

4848-5491-1337 v1

**Exhibit B**. Under the Proof of Loss provision, Plaintiff was required to provide satisfactory, written proof of loss by November 20, 2014. Plaintiff, however, did not initiate the processing for the claim of benefits by submitting a claim form for benefits until November 10, 2018, nearly four years after the proof of loss deadline. *Id*.

Finally, Plaintiff's claims are barred by the definition of "Accident" and by the exclusion for "sickness, disease, bodily or mental infirmity or medical or surgical treatment thereof, or bacterial or viral infection, regardless of how contracted." Under the policy, "Accident" means "a sudden, unforeseeable external event which: (1) causes injury to you; and (2) which is not contributed to by disease, sickness, mental or bodily infirmity." *See* **Exhibit A**. The policy further states "We will pay the applicable Principal Sum stated in the Schedule of Benefits if, within a year of an accident covered by the group policy, bodily injuries you suffer as a direct result and from no other cause from that accident, result in the loss of your life." *Id*. The Certificate of Death shows the immediate cause of death was Metastatic Adenoid Cyst Carcinoma. *See* **Exhibit B**. The other significant conditions contributing to death but not resulting in the underlying cause were Atherosclerotic Cardiovascular Disease and Blunt Force Trauma Due to Motor Vehicle Collision. *Id*. Thus, his death was contributed to by disease or sickness and, therefore, excluded from coverage under the exclusion for sickness or disease. It also fails to meet the definition of Accident under the policy.

## SIXTH DEFENSE

Defendant is not a necessary or proper party to this lawsuit because the Policy is fully insured by Life Insurance Company of North America ("LINA"). LINA, without agreeing or conceding that Plaintiff is entitled to life insurance benefits, acknowledges that, in the event the Court finds Plaintiff is entitled to life insurance benefits, LINA is the responsible party for payment of said benefits. Moreover, Defendant was not the claims administrator for Plaintiff's claim.

Additionally, Plaintiff's breach of contract claim against the NRA must fail because the NRA is not the insurer on the subject group insurance policy. LINA is the insurer on the group policy. The NRA is the merely the policyholder of the group coverage. By the clear terms of the group policy and the certificate, the NRA has no obligations to make claims determinations, accept premiums, or pay benefits under the policy. Without agreeing or conceding that Plaintiff is entitled to life insurance benefits LINA, as the insurer, is the only proper defendant for a breach of contract claim. Defendant NRA cannot be liable as an insurer, nor can it be liable for an alleged breach for which it has no contractual obligation. Plaintiff's breach of bad faith claim against the NRA must fail because a bad faith action lies only against the insurer as the party to the contract which gives rise to the implied covenant of good faith and fair dealing. The NRA cannot be held liable for these alleged acts because it was not the insurer under the group contract. The NRA was not obligated to process Plaintiff's claim or make payments under the group policy, and thus no implied covenant of good faith and fair dealing can be established. Without agreeing or conceding that Plaintiff is entitled to life insurance benefits, Plaintiff can only pursue his contract and bad faith claims against LINA. For these same reasons, his treble damages claim against the NRA must fail.

## SEVENTH DEFENSE

At all times material to the Amended Complaint, Defendant acted in good faith and in compliance with the terms and conditions of the plan document(s) and discharged its duties with respect to the plan document(s) in the interest of the participants and beneficiaries.

## EIGHTH DEFENSE

To the extent Plaintiff has a claim against Defendant, which Defendant denies, it is limited solely to the recovery of any insurance coverage found to be actually due and owing under the terms of the applicable insurance policy.

5

## NINTH DEFENSE

In all matters pertaining to the determination of any life insurance benefits claimed by Plaintiff, Defendant did not act arbitrarily, capriciously, or contrary to law, nor did it abuse its discretion. To the contrary, Defendant acted in good faith in all respects regarding Plaintiff.

## TENTH DEFENSE

Defendant denies it is guilty of deceptive trade practices or violated the Tennessee Consumer Protection Act. Defendant further denies Plaintiff is entitled to treble damages.

## ELEVENTH DEFENSE

Defendant denies any allegation or implication that it caused Plaintiff any damages or violated any law. Defendant specifically denies all allegations of proximate and/or legal cause set forth against it in the Amended Complaint.

## TWELFTH DEFENSE

Defendant denies that it acted in bad faith in denying Plaintiff's life insurance claim.

## THIRTEENTH DEFENSE

Defendant denies that it acted in bad faith because there is a genuine dispute about whether Plaintiff is entitled to accidental death insurance benefits.

## FOURTEENTH DEFENSE

Plaintiff has not brought this lawsuit in good faith and, therefore, shall be liable to the defendant a sum not exceeding twenty-five percent of the amount of loss claimed under the policy under Tenn. Code Ann. §56-7-106.

## FIFTEENTH DEFENSE

Plaintiff's claims are premature because Defendant's third-party administrator never reached a decision on Plaintiff's claim for accidental death insurance benefits because his family and their counsel failed to respond to Defendant's third-party administrator's communications and,

therefore, it did not receive the necessary documentation requested from Plaintiff to review the claim.

**SIXTEENTH DEFENSE**

Plaintiff's Tennessee Consumer Protection Act ("TCPA") claim is time barred by the statute of limitations and/or statute of repose set out in Tenn. Code Ann. §47-18-110.

**SEVENTEENTH DEFENSE**

Plaintiff's TCPA claim also does not comply with Rule 8 of the *Federal Rules of Civil Procedure* because it is merely a conclusory allegation.

**EIGHTEENTH DEFENSE**

Defendant specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary and to file any counterclaim or crossclaim as facts are investigated and developed.

WHEREFORE, having fully answered, Defendant asks the Court to dismiss this action with prejudice, tax the costs to Plaintiff, and award Defendant reasonable attorneys' fees for the defense of this action.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**

By: s/Marcie K. Bradley
Marcie K. Bradley, #028222
633 Chestnut Street, Suite 700
Chattanooga, TN 37450-1801
(423) 665-9529
mbradley@rswlaw.com
*Counsel for Defendant*

7

## CERTIFICATE OF SERVICE

     I hereby certify that on January 15, 2020, a copy of the foregoing Answer to Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

     R. Wayne Culbertson, Esq.
     Joseph W. McMurray, Esq.
     119 W. Market Street
     Kingsport, Tennessee 37660

     **ROBINSON, SMITH & WELLS, PLLC**

     By:    s/Marcie Kiggans Bradley