UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **RICKY UPCHURCH,** *as Executor of the Estate of* **Juanita Upchurch** | ) ) ) ) ) |
| **RICKY UPCHURCH** *for the use and benefit of the next of Kin Deceased* **CLAYTON UPCHURCH,** | ) ) ) ) ) |
| **Plaintiffs** | ) ) ) |
| vs. | ) ) |
| **NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) No.: 2:19-cv-00149 ) REEVES/WYRCIK ) ) ) |
| **Defendnats.** | ) |

## SCHEDULING ORDER

    **1.** **Introduction:** This Scheduling Order is being entered pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1(a). Any inquiries concerning the trial date should be directed to the Court's chambers, by contacting the Court's judicial assistant, Ms. Pam Simpson at (865) 545-4255 or at Reeves_Chambers@tned.uscourts.gov, within seven (7) days of receipt of this order; otherwise, a motion for continuance must be filed. **The schedule will not change except for good cause.**

    2. **Electronic Filing:**

    a. The Court has implemented Electronic Case Filing, which allows counsel to file and docket pleadings directly from their office via the internet and to be served with filings from other parties and the Court via email. Information on the ECF system is available on the Court's website: ***www.tned.uscourts.gov***. Counsel who are not already registered users are directed to register as soon as possible or be prepared to explain their failure to do so. *See* E.D.TN LR 5.2(b).

    b. Upon filing any pleading, including any dispositive motion, that exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall

be mailed or hand delivered to chambers. **Any documents over twenty-five (25) pages should be bound (a 3-ring binder/notebook is sufficient) and indexed.** Such copy should be printed out after electronically filing the pleading so that the copy will contain the ECF Header/Footer reflecting the filed pleading information, *i.e. case number, document number, filed date, and page number.*

c. Parties filing pleadings either electronically or manually on the day of a hearing or trial should notify chambers and/or the courtroom deputy either by e-mail or phone of the late filing.

3. **Disclosure and Discovery:**

a. **Fed. R. Civ. P. 26(f) Meeting:** The parties shall hold a discovery planning meeting as required by Fed. R. Civ. P. Rule 26(f) within fifteen (15) days of entry of this Order.

b. **Discovery Plan:** At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file it with the Court within ten (10) days after this meeting. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

c. **Initial Disclosures:** At the Rule 26(f) meeting or within ten (10) days thereafter, the parties shall, if they have not already done so, make all disclosures required by Rule 26(a)(1).

d. **E-Discovery:** At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media. If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, (ii) the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made. It is expected the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

e. **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and fifty (150) days before trial for plaintiff and one hundred and twenty (120) days before trial for defendant. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), such disclosure shall be made within thirty (30) days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1). In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a Daubert hearing must be filed not later than ninety (90) days before trial or they will be deemed waived.

f. **Evidence-Presentation Equipment:** If one or more of the parties desire to use the Court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, or if any party intends to use any other electronic, mechanical, or other equipment to display evidence at trial, notice must be given to the Court's courtroom deputy clerk, Ms. Angela Archer (865) 545-4228, Ext. 4805, or at *Angela_Archer@tned.uscourts.gov* at least seven (7) days before the pretrial conference (for trial) or before any pretrial hearing.

g. **Pretrial Disclosures:** On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* 6(f) below).

h. **All Discovery:** All discovery, including the taking of depositions for evidence, shall be completed ninety (90) days before trial. (Motions to compel must be filed at least thirty (30) days before this deadline).

i. **Discovery Disputes:** Discovery disputes shall be resolved in the following manner:

   (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;

   (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute; and

   (3) If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file

3

appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable.

4. **Status Report:** The parties shall **jointly** file on the day of the discovery deadline a status report covering the following matters:

   a. Whether discovery has been completed;

   b. If any dispositive motions are pending, whether oral argument would be beneficial to the Court and/or the parties, and, if so, explain the benefit;

   c. Whether any party intends to file any further pretrial motions, including any motions in limine, and if so, the anticipated subject matter of such motions;

   d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

   e. The prospects for settlement of this matter, and whether the case has been or will be submitted for mediation pursuant to Local Rule 16.4; and

   f. Any other matter which you believe should be brought to the Court's attention.

5. **Pretrial Order:** Unless counsel are otherwise directed by the Court, the following shall govern with regard to the pretrial order in this particular case.

Thirty (30) days before trial, an agreed pretrial order shall be filed. The order shall contain the following recitals:

   a. Jurisdiction.

   b. A statement that the pleadings are amended to conform to the pretrial order.

   c. Short summary of plaintiff's theory.

   d. Short summary of defendant's theory.

   e. The issues to be submitted to the trial judge or jury.

   f. Stipulations of fact.

4

      g.      Novel or unusual questions of law or evidence.

      h.      Estimated length of trial (in working days).

      i.      Possibility of settlement.

      j.      Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within seven (7) days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's office at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) days following entry of the order.

The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

      6.      **Other Scheduling Matters:**

      a.      **Amendment of Pleadings/Joinder of Parties:** At least one hundred and fifty (150) days before trial all motions for leave to amend the pleadings and add parties must be filed.

      b.      **Dispositive Motions:** All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred fifty (150) days before trial. The failure to timely file such motions will be grounds to summarily deny them.

c.  **Mediation:**  The parties shall jointly file a report indicating their respective positions regarding whether the dispute is a matter suitable for mediation, as defined by Local Rule 16.4, one hundred fifty (150) days before trial.

d.  **Motions in Limine:**  All motions in limine must be filed no later than thirty (30) days before trial.  Such motions in limine will be addressed by the Court at the final pretrial conference (see No. 7 below), unless the parties are notified otherwise by the Court.

e.  **Special Requests to Instruct for Jury Trial:**  Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than thirty (30) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4.  There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

f.  **Exhibits:**  All anticipated exhibits will be labeled and numbered prior to trial.  At the inception of trial, counsel will furnish the Court with the original and two (2) copies of their proposed exhibits.  The parties are directed to confer prior to the final pretrial conference as to the authenticity and admissibility of exhibits and be prepared to discuss any objections at the pretrial conference.

g.  **Witness Lists:**  Forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Rule 26(a)(3), including the designation of those witnesses whose testimony a party expects to present by deposition.  Within five (5) days after service of a final witness list, such list may be supplemented.

h.  **Trial Briefs:**  At least fourteen (14) days before trial, the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

i.  **Use of Depositions at Trial:**  In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*.  Should a hearing be directed by the Court regarding such motions *in limine*,

6

the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

      7. **Final Pretrial Conference:** A final pretrial conference has not been scheduled at this time. Should the court determine that such a hearing is necessary, the parties will be notified by separate notice**.**

      8. **Trial:** The trial of this case will be held before the undersigned United States District Judge, with a jury, beginning on **TUESDAY, JULY 27, 2021 at 9:00 a.m. in Knoxville, Tennessee in Courtroom 3C.**[i] Counsel shall be present at **8:30 a.m.** to take up any preliminary matters which may require the Court's attention (unless directed otherwise). The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned.

      9. **Consent to Magistrate Judge:** You are reminded that United States magistrate judges in this District have authority to try civil cases, both jury and nonjury, upon consent of the parties pursuant to 28 U.S.C. § 636(c). If you desire to have your case tried by consent by a magistrate judge, notify the Court's judicial assistant, Ms. Pam Simpson at (865) 545-4255, or at Reeves_Chambers@tned.uscourts.gov.

**SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD FILE A MOTION SUGGESTING ALTERNATE DATES AND SHOWING GOOD CAUSE IN ACCORDANCE WITH FED.R.CIV.P. 16(b)(4).**

    **IT IS SO ORDERED.**

    Enter:

                      */s/ Pamela L. Reeves*
                       **PAMELA L. REEVES**
                       **CHIEF UNITED STATES DISTRICT JUDGE**

---

[i] The demands of the Court's docket dictate that all civil cases be scheduled for trial in Knoxville, Tennessee. However, the Court will entertain motions to conduct trial in another division of this Court upon a showing of good cause by the parties. Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the trial of this cause**, and the grant or denial of the same rests in the Court's sole discretion.