UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| RICKY UPCHURCH, as Executor of The Estate of JUANITA UPCHURCH, For the use and benefit of the next of kin of CLAYTON UPCHRUCH, <br><br> Decedent, <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 19-CV-00149 ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6)[1] of the *Federal Rules of Civil Procedure*, Defendants Life Insurance Company of North America ("LINA") and the National Rifle Association[2] ("NRA") collectively ("Defendants") move the Court to dismiss all of Plaintiff Ricky Upchurch's causes of actions against them for failure to pay accidental death insurance with prejudice because they are premature and unambiguously barred by the decedent's ("Mr. Upchurch") accidental death insurance policy ("Policy").

Plaintiff's claims are premature because Defendants' claims administrator never reached a decision on Plaintiff's claim for benefits. The claims administrator closed the claim after Mr. Upchurch's relatives and their attorneys failed to respond to its communications and provide the

---

[1] In the event the Court declines to grant Defendants' Motion to Dismiss, Defendants reserve their right to file a Motion for Summary Judgment in accordance with the Court's scheduling order.

[2] The NRA further reserves its right to file a separate motion to dismiss on the basis that it is not a necessary or proper party to this lawsuit.

necessary information for its review. Therefore, Defendants did not breach Mr. Upchurch's contract or engage in deceptive trade practices.

Plaintiff's claims also are barred under the plain language of the Policy for four reasons:

- ➢ **First**, Plaintiff's claims are barred because he failed to file the present lawsuit within 3 years and 90 days of Mr. Upchurch's death as required by the Legal Actions provision in the Policy. Since Mr. Upchurch passed away on August 22, 2014, Plaintiff was required to file suit by November 20, 2017, but he did not file the present action until nearly two years later on July 1, 2019;

- ➢ **Second**, Plaintiff's claims are barred because he failed to provide proof of loss within 90 days of Mr. Upchurch's death, calculated as November 20, 2014, as required by the Proof of Loss provision in the Policy. Instead, he waited until November 10, 2018, nearly four years after the deadline to submit a claim with Defendants;

- ➢ **Third**, Mr. Upchurch's death was not even a covered death under his Policy that would entitle him to benefits because his death certificate states his immediate cause of death was cancer; and

- ➢ **Fourth**, Mr. Upchurch's death is excluded from coverage under the Policy by the exclusion for "sickness, disease, bodily or mental infirmity or medical or surgical treatment thereof, or bacterial or viral infection, regardless of how contracted" because his death certificate states his immediate cause of his death was cancer.

Additionally, Plaintiff's Tennessee Consumer Protection Act ("TCPA") claim is time barred by the statue of limitations set out in Tenn. Code Ann. §47-18-110 and also does not comply with Rule 8 of the *Federal Rules of Civil Procedure* because it is merely a conclusory allegation.

2
Case 2:19-cv-00149-PLR-CRW   Document 36   Filed 01/27/20   Page 2 of 3   PageID #: 304

Wherefore, Defendants respectfully request the Court dismiss all of Plaintiff's claims against them with prejudice. In support of its Motion to Dismiss, Defendants rely upon their Memorandum in Support of their Motion to Dismiss, filed simultaneously herewith.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**

By: s/Marcie K. Bradley
Marcie K. Bradley, #028222
633 Chestnut Street, Suite 700
Chattanooga, TN 37450-1801
(423) 665-9529
mbradley@rswlaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2020, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

R. Wayne Culbertson, Esq.
Joseph W. McMurray, Esq.
119 W. Market Street
Kingsport, Tennessee 37660

**ROBINSON, SMITH & WELLS, PLLC**

By: s/Marcie Kiggans Bradley