IN THE UNITED STATES DISTRICT COURT
FOR THE EASTEN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICKY UPCHURCH, as Executor of )<br>the Estate of JUANITA UPCHRUCH, )<br>for the use and benefit of the Next of Kin, )<br>CLAYTON UPCHURCH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RIFLE ASSOCIATION )<br>and )<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, )<br>)<br>    Defendant. ) | NO. 19-CV-00149 |

**PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants, National Rifle Association and Life Insurance Company of North America Insurance Company[1] (hereinafter "Defendants"), move to dismiss the complaint filed by Plaintiff Ricky Upchurch (hereinafter "Plaintiff"), as Executor of the Estate of Juanita Upchurch for the use and benefit of the next of kin, Clayton Upchurch. Plaintiff respectfully requests the court to deny Defendants' motion. As will be explained in greater detail in the accompanying and contemporaneous Memorandum of Law, Plaintiff's claim for insurance benefits does not fail as a matter of law because although the life insurance contract specifically excludes certain causes of death, Mr. Clayton Upchurch's death was ruled as an

---

[1] Plaintiff would further request the Court to deny any dismissal by National Rifle Association (NRA) as they have held themselves out as a principal under the contract, and the contract's "Schedule of Benefits" even has the NRA seal on it as well as naming the policyholder as "National Rifle Association of America" and naming the Policy Number as beginning with "NRA."

1

"accident" by the medical examiner, specifically what the policy covers. First, Plaintiff's claim is not barred because he failed to file the present lawsuit within the three (3) years and ninety (90) days required under the Legal Actions provision in the life insurance policy. By Defendants' own admissions, Defendants state that the claim was administratively closed by the policy and is also not ripe for judicial review, but at the same time, they argue that Plaintiff waited too long to bring suit. Second, Plaintiff's claims are not barred because he failed to provide proof of loss within the ninety (90) days of Mr. Upchurch's death. Rather, he did so as reasonably practicable, per the terms of the policy. Third, Mr. Upchurch's death was a covered "injury" or "death" as defined by the terms of the policy. Lastly, Mr. Upchurch's death is not listed an exclusion under the policy, as Defendants take the term "immediate cause of death" literally and not under the legal term, bringing it under the auspice of a question of law for the Court to decide.

Plaintiff's Tennessee Consumer Protection Act claim is not time barred by the statute of limitations as it was brought within one (1) year from Plaintiff's "discovery of the unlawful act or practice." *Tenn. Code Ann.* § 47-18-110. Furthermore, Plaintiff's well-pleaded facts show that there was a contract between the parties, Mr. Upchurch performed his obligations under the contract, Plaintiff attempted to have Defendants perform under their obligations under the contract, Defendants chose not to, and even admittedly never reached a conclusion. Accordingly, relief can be granted in favor of Plaintiff based on the set of facts presented with Plaintiff's allegations.

WHEREFORE, because Defendants are not entitled to a dismissal under a motion under Fed. R. Civ. P. 12(b)(6), the Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss as well as any other relief seen equitable by the court.

2

Case 2:19-cv-00149-PLR-CRW Document 39 Filed 02/05/20 Page 2 of 4 PageID #: 326

Respectfully Submitted

**R. Wayne Culbertson, PC**

By: _____
R. Wayne Culbertson, #000765
Joseph W. McMurray, #028773
119 W. Market Street
Kingsport, TN 37660
(423) 247-6161 –Telephone
(423) 247-5072 –Facsimile
rwc@wayneculbertsonlaw.com
mcmurraylaw@gmail.com

*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 31, 2020, and was also filed via the Court's Electronic Filing System. Therefore, notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record. All other parties will be served via first class U.S. Mail, postage prepaid.

Marcie K. Bradley, BPR# 028222
633 Chestnut Street, Suite 700
Chattanooga, TN 37450-1801
P: 423-665-9529
F: 423-753-9518
mbradley@rswlaw.com

*Counsel for Defendants*

R. Wayne Culbertson, PC
By: Joseph W. McMurray
*Counsel for Plaintiff*