UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RICKY UPCHURCH, as Executor of the Estate of JUANITA UPCHURCH, for the Use and benefit of the Next of Kin, CLAYTON UPCHURCH,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>*Defendants*. | NO. 2:19-CV-00149-DCLC |

## MEMORANDUM OPINION AND ORDER

National Rifle Association and Life Insurance Company of North America (Defendants) have filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. 36], as well as a Memorandum in Support [Doc. 37]. Plaintiff, Ricky Upchurch, as executor of the estate of Juanita Upchurch, ("Upchurch"), has responded in opposition to the motion [Docs. 39]. Defendants have filed a Reply [Doc. 42]. This matter is now ripe for resolution. Defendant's Motion to Dismiss [Doc. 36] is **DENIED** in part. As further explained in this order, Plaintiff shall address whether he can maintain a cause of action under Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-109, against Defendants in light of Tenn. Code Ann. § 56-8-113. Plaintiff shall file a response by **October 20, 2020**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On August 18, 2014, Clayton Upchurch was driving his motorcycle in Nevada when another vehicle entered his lane of travel, causing him to lose control of his motorcycle [Doc. 29,

1

¶ 4, 5]. The Amended Complaint alleges that "[u]pon arrival of emergency responders, [Clayton Upchurch] was immediately taken to the hospital. After multiple visits to local hospitals in Nevada, [Clayton Upchurch] succumbed to his injuries and passed away on August 22, 2014." [Doc. 29, ¶ 7-8]. The Death Certificate lists the immediate cause of death as "metastatic adenoid cystic carcinoma" and lists other significant conditions contributing to his death as "blunt force chest trauma due to motor vehicle collision" [Doc. 29-2]. It describes his death as an "accident." In a letter to Ms. Angela Smith, the Clark County Office of Coroner/Medical Examiner described the "Manner of Death: Accident.[1]" [*Id.*].

The Amended Complaint alleges that Defendants had issued an accidental death insurance policy to Clayton Upchurch and that he was current on his premiums as of the date of his death. [Doc. 29, ¶¶1, 2]. The Amended Complaint further alleges that "[t]he relatives of the decedent, pursuant to the terms of the policy, gave proper notice as required by said policy of insurance and complied in all particulars with the terms and condition of the policy." [Doc. 29, ¶ 11]. It further alleges that Defendants have "effectively den[ied] this claim" despite their exercise of diligent efforts to collect on this policy. [*Id.* at ¶ 12].

As a result of the denial, on July 1, 2019, Plaintiff filed a complaint in the Chancery Court for Sullivan County [Doc. 1-1]. Defendants removed the case to this Court on August 15, 2019. On August 21, 2019, it filed an Answer [Doc. 10, 11]. On January 8, 2020, Plaintiff filed this Amended Complaint [Doc. 29]. On January 27, 2020, Defendants filed this pending Motion to Dismiss [Doc. 36].

---

[1] Both the Death Certificate and the letter were Exhibits to Plaintiff's Complaint. "When a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)

## II. ANALYSIS

### A. Standard of Review

Defendants seek a full dismissal of this action under Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, the Court is required to "construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236. 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). In other words, and when a claim could be construed as communicating more than one inference, "it must be construed in the plaintiff's favor." *Id.* (citing *Allard*, 991 F.2d at 1240; *Mayer*, 988 F.2d at 638). For this reason, "a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Id.* (citing *Allard*, 991 F.2d at 1240; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)).

Even still, our nation's highest Court has clearly opined that a plaintiff must supply more than bare-bones allegations in order to prevail over a defendant's 12(b)(6) motion to dismiss. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In keeping with both the Court's command in *Iqbal* and with the so-called well-pleaded complaint rule established by Fed.R.Civ.P. 8(a), a plaintiff need not proffer "detailed, factual allegations," but they must, at a minimum, bring to light something more than a "defendant-unlawfully-harmed-me accusation." *Id.* at 678. A plaintiff's claim will satisfy this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

3

### B.     Defendants' Motion to Dismiss [Doc. 36].

Defendants have filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under the policy and under the Tennessee Consumer Protection Act (TCPA). Regarding Plaintiff's claim under the policy, they claim the complaint should be dismissed for four reasons. First, they claim that the complaint was not timely filed within three years and 90 days of Clayton Upchurch's death [Doc. 37, pg. 1]. Second, they claim that Plaintiff waited nearly four years to provide proof of loss [*Id.* at 2]. Third, Clayton Upchurch's immediate cause of death was not the accident, but cancer. Thus, his death is not as a result of a covered "Accident." [*Id.*]. Fourth, they claim Clayton Upchurch's death is "excluded from coverage by the sickness or disease exclusion." [Doc. 37]. On the TCPA claim, they argue that the claim is time barred and Plaintiff has not otherwise adequately plead it consistent with Fed.R.Civ.P. 8.

####     1.     Whether Plaintiff timely filed his Complaint and Proof of Loss.

Defendants argue Plaintiff has failed to state a claim upon which relief may be granted because he did not file his Complaint within three years and 90 days of Clayton Upchurch's death. Defendants allege that Plaintiff failed to comply with the Legal Actions provision which sets the limit of time in which a lawsuit may be filed. They allege that the Policy required Plaintiff to have filed "suit nearly two years before this case was filed." [Doc. 37, pg. 9]. The policy provides that "No such action shall be brought more than 3 years … after the time written proof of loss is required to be furnished." [Doc. 37, pg. 9]. Because the policy required the proof of loss to be filed within 90 days of the date of loss, Defendants argue, the Complaint is untimely.

The policy, however, also provides for an exception to the filing of the proof of loss within that time period: "If that is not reasonably possible, we will not deny or reduce any claim if proof is furnished as soon as reasonably possible." Plaintiff has alleged that he complied with the policy

4

provisions to warrant payment on the claim. Whether or not he did file "as soon as reasonably possible" is an issue that is in dispute and cannot be resolved on the pleadings. For the Court to find that he has not would require the Court to consider matters outside the pleadings, something the Court is generally prohibited from doing at this stage. To do so, the Court would have to treat the motion as a summary judgment motion. *See* Fed.R.Civ.P. 12(d). The Court declines to do so.

Defendants also claim Plaintiff failed to comply with the proof of loss provisions of the policy, which requires written proof of loss within 90 days of the date of loss. Defendants claim that they may be prejudiced because of this failure in their investigation of the claim. Again, the Court cannot find Plaintiffs have failed in this regard based on the pleadings themselves. Plaintiff alleged in his complaint that he complied "pursuant to the terms of the policy" in giving notice "as required by said policy of insurance and complied in all particulars with the terms and condition[s] of the policy." [Doc. 29, ¶ 11]. For purposes of reviewing a Rule 12(b)(6) motion, the issue is whether the Plaintiff has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With regard to the issue of proof of loss, Plaintiff has at least asserted a factual allegation which, if assumed to be true, would defeat the Defendant's argument for dismissal.

### 2. Whether Clayton Upchurch's death is a covered loss.

Defendants also argue that the Court should dismiss the claim because Clayton Upchurch's death is excluded under the policy. They argue that under the policy "benefits are payable if an insured dies as a direct result from an Accident and no other cause." [Doc. 37, pg. 11]. The policy provides that an "accident" is an event that "results independent of a disease or sickness: a sudden, unforeseeable external event which (1) causes injury to you; and (2) which is not contributed to by disease, sickness, mental or bodily infirmity." [Doc. 37, pg. 11](quoting the Policy).

5

Defendants point to the Death Certificate as proof that the immediate cause of death was not the accident but cancer. Defendants argue that because the death certificate lists "metastatic adenoid cystic carcinoma" as the "immediate cause" of death, the death cannot be covered. It is not a "covered" injury and is excluded by the policy. They also argue that Upchurch's death is excluded from coverage by the sickness or disease exclusion. But that argument gives too much weight to a death certificate at this stage in the proceedings. *See Duncan v. Minnesota Life Ins. Co.*, No. 3:17-CV-00025, 2020 WL 430958, at *8 (S.D. Ohio Jan. 28, 2020), *reconsideration denied*, No. 3:17-CV-00025, 2020 WL 1891703 (S.D. Ohio Apr. 16, 2020)(finding that the use of the term "accident" in a coroner's report is certainly not "automatically dispositive"). In any event, the death certificate describes Clayton Upchurch's death as both due to carcinoma and as a result of an accident. To accept Defendants' argument would make the death certificate dispositive, and it is not, at least not given the other allegations outlined in the Amended Complaint.

Because this is a motion to dismiss for failure to state a claim and not a summary judgment motion, Plaintiff retains the benefit of the doubt with regard to all allegations contained within his complaint. *See, e.g.*, *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). And, in this action, the Court can reasonably infer that the serious accident on August 18, 2014, resulted in Plaintiff's death four days later. Indeed, the Amended Complaint alleges that Clayton Upchurch died as a result of his injuries he sustained in the accident. [Doc. 29, ¶ 8]. Whether Clayton Upchurch's death is a covered loss is not an issue the Court can resolve on a motion to dismiss for failure to state a claim. At present, Defendants moved to dismiss this matter under a standard of legal analysis that obligates the Court to show great deference to Plaintiff's allegations. In other words, and in keeping with the same reasoning that "a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations," a Court *may* decline a defendant's motion

6

to dismiss precisely because it *does* find a logical basis on which to believe Plaintiff's allegations. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard*, 991 F.2d at 1240; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)). This court need not entertain the merits of either party's claims related thereto beyond the initial inquiry into Plaintiff's complaint and its ability to withstand a Rule 12(b)(6) motion to dismiss. Fed.R.Civ.P. 12(b)(6).

### 3. Whether Defendants have breached the contract.

Defendants also argue that the Complaint should be dismissed "because it is premature." [Doc. 37, pg. 7]. They argue they did not breach the contract because "the third-party administrator never made a decision on Plaintiff's claim." [Doc. 37, pg. 8]. They allege Plaintiff did not go through the claims process appropriately and instead filed this lawsuit prematurely. Defendants claim "Plaintiff should be required to at least participate in the claims process like other claimants and allow Defendants the opportunity to investigate and make a determination on Plaintiff's claim prior to filing suit." [Doc. 37, pg. 8].

Arguing that Plaintiff filed his complaint prematurely is an interesting point to make considering Defendants argued the Court should dismiss the Complaint because Plaintiff filed it too late. Putting that irony aside, the Court is required to focus on whether Plaintiff has stated a claim. As already noted, he has. Whether ultimately he is successful will have to wait to another day to resolve. But on the pleadings, giving him the benefit of the doubt, he has stated a claim.

Accordingly, and notwithstanding the possibility that subsequent action might reveal dispositive evidence to the contrary, Plaintiff's allegations can withstand the Defendant's Motion to Dismiss [Doc. 36]. Therefore, Defendant's motion to dismiss on these grounds is **DENIED**.

### 4. Plaintiff's Claims under the Tennessee Consumer Protection Act.

Defendants next argue it could not have engaged in a deceptive trade practice because it

7

never decided Plaintiff's claim. They also argue it fails to comply with Fed.R.Civ.P 8, which requires more than conclusory statements when it comes to alleging fraud. They also claim it is barred by the statute of limitations.

Plaintiff seeks treble damages for violations of the TCPA. He has alleged that Defendants have "intentionally breached the contract, [have] not dealt in good faith with the plaintiff, that the defendant's accepted money for premiums and [have] woefully refused to pay pursuant to the policy terms even though said policy has been submitted to the insurance company for many months." [Doc. 29, ¶ 13]. He alleges that Defendants are "guilty of deceptive trade practices" in violation of the Tennessee Consumer Protection Act, entitling him to treble damages [Doc. 29, ¶ 14].

The Sixth Circuit recently addressed whether a plaintiff can recover treble damages against an insurer. *Endrawes v. Safeco Ins. Co*., 737 F. App'x 731, 735 (6th Cir. 2018). The case in *Endrawes* was removed to federal court based on diversity jurisdiction, that is, not only were the parties diverse, but the amount in controversy exceeded $75,000.00. The district court determined that removal was proper because the amount in controversy exceeded the $75,000 minimum. But it only exceeded that amount because the complaint had sought treble damages under the TCPA. It noted "the treble damages could be considered in calculating the amount in controversy, notwithstanding the dismissal of the TCPA claim, because Plaintiffs sought such damages 'at the time of removal.'" *Id.* The Sixth Circuit reversed, noting that "[i]n 2011, the Tennessee legislature passed a statute [Tenn. Code Ann. § 56-8-113] that 'prohibits private causes of action in cases involving insurance claims.'" *Id.* (quoting *Riad v. Erie Ins. Exch*., 436 S.W.3d 256, 269 (Tenn. Ct. App. 2013)). Tenn. Code Ann. § 56-8-113 provides that Titles 50 and 56 "shall provide *the sole and exclusive statutory remedies and sanctions applicable to an insurer* … for alleged breach

of, or for alleged unfair or deceptive acts of or practices in connection with, a contract of insurance…." *Id.* The Sixth Circuit concluded that the insurance company could not rely on an element of damages to meet the amount in controversy requirement "for which the Plaintiffs are statutorily ineligible." *Id.* Treble damages were a "legal impossibility." *Id.*

In this case, Plaintiff's Amended Complaint alleges Defendants are "guilty of deceptive trade practices all of which are in violation of the Consumer Protection Act," which Plaintiff contends entitle him to treble damages [Doc. 29, ¶ 14]. Thus, it appears that Plaintiff is pursuing a claim under the TCPA that has been preempted by Tenn. Code Ann. § 56-8-113. In fact, the Tennessee Court of Appeals noted that "[e]ffective April 29, 2011, the General Assembly established that the sole remedy for claims against insurance companies is under Tenn. Code Ann. § 56–8–113…." *Brooks v. Tennessee Farmers Mut. Ins. Co.*, No. M2013-02326-COA-R3CV, 2014 WL 6735129, at *4 fn. 6 (Tenn. Ct. App. Nov. 26, 2014). This conclusion is consistent with how other courts in this district have addressed the issue. *See Spring Place Church of God of Prophecy v. Bhd. Mut. Ins. Co*., No. 1:13-CV-405, 2015 WL 12531988, at *3 (E.D. Tenn. Mar. 16, 2015)("According to Tenn. Code Ann. § 56–8–113, titles 50 and 56 of Tennessee's code are the only titles that contain statutory remedies for disputes arising from insurance agreements"). In *Spring Place Church of God,* the district court dismissed the plaintiff's TCPA because "the cause of action did not accrue until 2013, after the effective date of the statute…" *Id.* The middle district also interpreted Tenn. Code Ann. § 56-8-113 as eliminating "the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship because the TCPA is not contained in Title 50 or Title 56." *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 789 (W.D. Tenn. 2013).

Because Defendants did not raise this as an issue, Plaintiff has not had an opportunity to

address it.  Accordingly, the Court **DIRECTS** Plaintiff to address whether, considering Tenn. Code Ann. § 56-8-113, he may proceed with a claim under the TCPA against Defendants.  Plaintiff shall file a response by **October 19, 2020** or else his claim under the TCPA will be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim is DENIED in part.  Plaintiff shall file a response addressing whether he has a cause of action under the TCPA given the enactment of Tenn. Code Ann. § 56-8-113 by **October 19, 2020**.

SO ORDERED:

s/Clifton L. Corker  
United States District Judge
